UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

H. H. WHITE, L.L.C.                                              CIVIL ACTION

VERSUS                                                           NO. 08-681

THE HANOVER INSURANCE                                            SECTION "N"  (4)
COMPANY, ET AL.

## ORDER AND REASONS

Before the Court is **Defendant's Motion to Dismiss or in the Alternative, Motion for Summary Judgment (Rec. Doc. 5)**.  After reviewing the Complaint, the memoranda of the parties, and the applicable law, the Court rules as set forth herein.

**I.    BACKGROUND**

In its Petition, H.H. White, L.L.C. ("White") asserts that Defendants Hanover Insurance Company ("Hanover") and Massachusetts Bay Insurance Company ("MBIC") (collectively referred to as "Defendants") issued a Business Owners Insurance Policy to it, which provided commercial property insurance for 826 Union Street, Suite 100, New Orleans, Louisiana 70112 and 830 Union Street, New Orleans, Louisiana 70112 (collectively referred to as "the Union Street properties"). (Petition, Rec. Doc. 1). The policy also provided business interruption insurance and coverage for loss of business income.  Hurricane Katrina allegedly caused substantial property damage to the Union Street properties (including but not limited to damages caused by wind and rain) and also resulted in an interruption of business. (Petition, Rec. Doc. 1). When Defendants failed to tender payment to White to cover its expenses, White filed suit on August 31, 2007 in state court in Orleans Parish to recover the money it claims it is owed. Defendants removed the action to this Court, based on diversity jurisdiction.  Defendants now have filed the instant motion to dismiss, claiming that White's lawsuit is untimely and should be

dismissed as a matter of law.  In the alternative, Defendants assert that summary judgment should be granted and MBIC should be dismissed as it is not a proper party to this litigation.

## II.     LAW AND ANALYSIS

### A.     Timeliness of Suit

#### 1.     Legal Standard

In a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.2004). To survive a Rule 12(b)(6) motion to dismiss, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.' " *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.2007) (quoting *Bell Atl. Corp. v. Twombly*, --- U.S. ----, ----, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 127 S.Ct. at 1965. Rule 12(b)(6) motions are viewed with disfavored and are rarely granted. *Tanglewood E. Homeowners v. Charles-Thomas, Inc.*, 849 F.2d 1568, 1572 (5th Cir.1988).

#### 2.     Analysis

First, Defendants assert that this lawsuit is prescribed.  They argue that Louisiana Civil Code art. 3467, Act 2006, No. 802, Section 2, which became effective on June 30, 2006[1], established that "[a]ny such claim for damages caused by Hurricane Katrina shall be instituted

---

[1] Though Act 2006, No. 802, was enacted the day *after* Act 2006, No. 739, the Court is presented with nothing to suggest a legislative intent to *shorten* the prescriptive period by two days the next day after it established the September 1, 2007 deadline for Katrina claim filing.

*on or before August 30, 2007 and any suit not instituted within that time and any claims relating thereto shall be forever barred. . . .*" Because White filed its lawsuit on August 31, 2007, Defendants assert that the suit is untimely and should be dismissed a matter of law.

White, on the other hand, argues that the prescriptive issue here is governed by La. R.S. 22:658.3, which was added by Acts 2006, No. 739, Section 1, and which became effective on June 29, 2006. This statute provides:

> Notwithstanding any other provision of this Title to the contrary, any person or entity having a claim for damages pursuant to a homeowners' insurance policy, personal property insurance policy, tenant homeowners' insurance policy, condominium owners' insurance policy, or commercial property insurance policy, and resulting from Hurricane Katrina *shall have through September 1, 2007, within which to file a claim with their insurer for damages*, unless a greater time period to file such claim is otherwise provided by law or by contract.

La. R.S. 22:658.3(A). At first blush, it appears the statutes are not conflicting, as No. 802 deals with filing *suits* and is prescriptive in nature, and No. 739 relates to filing *claims* and thus alters the contractual language, but does not discuss the deadline for *filing suit*. However, it is obviously nonsensical that a claim could be timely filed with the carrier on August 31, 2007 or September 1, 2007, but the claimant has no recourse to legal action to enforce the claim because suit on it would be untimely at the time the claim was made with the carrier.[2] Theoretically, a law suit could be time-barred before the claim is even submitted to the insurer. Thus, to make sense of these two laws, the Court finds that the legislature intended for September 1, 2007 to be

---

[2] The Louisiana Supreme Court addressed the constitutionality of Acts 2006, Nos. 739 and 802 in *State of Louisiana v. All Property and Casualty Insurance Carriers Authorized and Licensed to do Business in the State of Louisiana,* 2006-2030 (La. Aug. 25, 2006), 937 So.2d 313. In that opinion, the Louisiana Supreme Court did not address the specific issue with which the Court is presented here, relating to how these two statutes can be read together for purposes of determining whether a lawsuit filed on August 31, 2007 or September 1, 2007 is time-barred.

the deadline for filing lawsuits for damages caused by Hurricane Katrina.  In so ruling, this Court is mindful that it "should resolve doubts about a prescription question in favor of giving the litigant his day in court." *Orthopaedic Clinic of Monroe v. Ruhl*, 786 So.2d 323, 328 (La.App. 2d Cir.), *writ denied*, 798 So.2d 970 (La.2001).  "Prescriptive statutes are strictly construed against prescription and in favor of the obligation sought to be extinguished." *Landry v. Blaise, Inc.*, 774 So.2d 187, 190 (La.App. 4th Cir.), *writ denied*, 776 So.2d (La.2000).  Thus, this lawsuit, which was filed on August 31, 2007, is timely.

> B.     Was Massachusetts Bay a Proper Party?
>
> > 1.     Legal Standard

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law ." *Id*.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986); see also *Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th

Cir.1990). Once the moving party carries its burden pursuant to Rule 56(c)), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, 106 S.Ct. 2553; see also *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Auguster v. Vermillion Parish School Bd.*, 249 F.3d 400, 402 (5th Cir.2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana*, 294 F.3d 755, 758 (5th Cir.2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.*, 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 3188, 111 L.Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir.2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.

1994), *cert. denied*, 513 U.S. 871, 115 S.Ct. 195 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence ." *Little*, 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir.2002).

### 2. Analysis

Defendants assert that White's claims against MBIC should be dismissed as insurance coverage was provided by Hanover, not MBIC.  (Exhibit A to Rec. Doc. 5).  However, White attached as Exhibit 2 to its opposition a check issued by MBIC in the amount of $9,927.71, which is the amount Hanover claimed White was owed for his Katrina-related damages. (Exhibit 1 to Rec. Doc. 6, p. 4).  Based on this evidence, the Court declines to dismiss MBIC at this stage in the litigation.

## III.   Conclusion

Considering the foregoing,

**IT IS ORDERED** that the **Defendant's Motion to Dismiss or in the Alternative, Motion for Summary Judgment (Rec. Doc. 5)** is **DENIED.**

New Orleans, Louisiana, this 29th day of May, 2008.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**